UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEMAR GAYLE,

                                                   Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1-3,

                                                   Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 05 (AKH) (DFE)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from an August 16, 2006 incident in which several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault, battery, two illegal strip searches, fabricated evidence, and negligence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, and

negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's negligence and deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officers John Does 1-3 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. John Does 1-3 are sued in their individual capacities.

## STATEMENT OF FACTS

8. On August 16, 2006, at approximately 4:00 p.m., on the 3rd floor of 501 East 21st Street, Brooklyn New York, plaintiff knocked on his friend Reginald's door.

9. On or about the same time, a group of police officers proceeded to the 4th floor of the building. On the way to the 4th floor, Police Officer John Doe 1 seized plaintiff without cause, ordered plaintiff to lie on the floor, and handcuffed plaintiff excessively tight causing marks on his wrists.

10. Plaintiff was then brought to the 4th floor of the building, placed inside an apartment, and ordered to lie on the floor. In the 4th floor apartment, Police Officer John Doe 2 illegally strip searched plaintiff.

11. No illegal contraband was found on plaintiff.

12. The police subsequently took plaintiff to the 67th Precinct for arrest processing.

13. In the 67th precinct, a different police officer, John Doe 3, illegally strip searched plaintiff.

14. No illegal contraband was found on plaintiff.

15. In the evening of August 16, 2006, the police took plaintiff to Brooklyn Central Booking to await arraignment.

16. While plaintiff was awaiting arraignment, the officers who arrested plaintiff met with a prosecutor employed by the Kings County District Attorney's Office.

17. The officers, with malice, misrepresented to the prosecutor that plaintiff had committed a crime.

18. Upon information and belief, the prosecutor determined that plaintiff had not committed a crime and declined to prosecute plaintiff.

19. Plaintiff, after having spent more than 24 hours in custody, was released from Central Booking in the evening of August 17, 2006.

20. As a result of defendants' actions, plaintiff experienced pain, physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, and loss of liberty.

### FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-3

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The conduct of Police Officers John Does 1-3, as described herein, amounted to false arrest, excessive force, two illegal strip searches, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-3

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The conduct of Police Officers John Does 1-3, as described herein, amounted to false arrest, assault, battery, and negligence in violation of the laws of the State of New York.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The City of New York directly caused the constitutional violations suffered by plaintiff.

27. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised

4

deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

28.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

29.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30.     Because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest, assault, battery, and negligence committed by the officers.

31.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.     Compensatory damages in an amount to be determined by a jury;

    b.     Punitive damages in an amount to be determined by a jury;

    c.     Costs, interest and attorney's fees;

    d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   January 3, 2007
         Brooklyn, New York

        CARDINALE & MARINELLI
        26 Court Street, Suite 1815
        Brooklyn, New York 11242
        (718) 624-9391

        By:

        _____
        RICHARD J. CARDINALE (RC-8507)